UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                     Case No. 1:00-cv-220

                                                      Hon. Wendell A. Miles

MORTON INTERNATIONAL, INC.,

       Defendant.

_____/

ORDER TERMINATING CONSENT DECREE

On July 20, 2000, a Consent Decree was entered as final judgment in this matter. Presently before the Court is Defendant's Unopposed Motion to Terminate Consent Decree (docket #7). Plaintiff has not responded.

    Under the terms of the Consent Decree,

> Defendant shall satisfy all of the requirements of this Consent Decree. After at least 30 days written notice to the United States in accordance with Section XII of this Consent Decree (Notices), Defendant may move this Court for termination of this Consent Decree. (Section XVIII, paragraph 56 of the Consent Decree, docket #5).

By letter dated February 6, 2006, Defendant notified Plaintiff of its intention to move for termination of the Consent Decree. (Def. Mt., Ex. C). Defendant filed its present motion on March 14, 2006. Accordingly, Defendant has satisfied the notice requirements of section XVIII, paragraph 56.

    Defendant was obligated under the Consent Decree were to (1) pay a civil penalty of $75,000 (section V, paragraph 8); (2) implement supplemental environmental projects (section

VI, paragraphs 9-19); (3) make improvements to its waste water treatment plant (section VII, paragraphs 20-29); and (4) satisfy reporting requirements (section VI, paragraphs 10(B), 13 and 16; section VII, paragraphs 21(b) and 22). Defendant represents that it has satisfied each of these requirements.

Section XVIII, paragraph 56 of the Consent Decree also provides that:

> Upon consideration of the Defendant's motion and any response by the United States, if the Court determines that Defendant has satisfied all its obligations hereunder, the Court shall terminate this Consent Decree, after opportunity to comment by the United States.

Defendant's letter to Plaintiff dated February 6, 2006, advised that Defendant's proposed motion stated that Defendant "has timely satisfied all of its obligations contained in the Consent Decree," and that the Plaintiff "agrees with this conclusion and will not oppose [Defendant's] Motion to Terminate." Plaintiff has not responded to Defendant's motion. Accordingly, the Court finds that Defendant has satisfied the terms of the Consent Decree, it appears the decree's objectives have been achieved, and Plaintiff does not oppose the motion. The Consent Decree may properly be terminated.

For the foregoing reasons, the Court GRANTS Defendant's Unopposed Motion to Terminate Consent Decree (docket #64). The Consent Decree is terminated. The Court does not retain jurisdiction.

So ordered this 25th day of April, 2006.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge